# Exhibit A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
-------------------------------------------------------------------------------X

ABDRAMANE NIATTA,

                               Plaintiff,

        -against-

JORGE W. VENTURA CINA and A YANKEE LINE,
INC.,

                               Defendants.
-------------------------------------------------------------------------------X

**SUMMONS**

Index No. _____
Plaintiff designates
Bronx County
as the place of trial
The basis of venue is
Plaintiffs Residence
1369 Virginia Avenue
 Bronx, NY 10462
State of NEW YORK
County of Bronx

To the above named Defendant

        YOU ARE HEREBY SUMMONED to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the Plaintiff's Attorney(s) within 20 days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of NEW YORK); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded herein.

Dated: **December 1, 2025**

                                             _____*/s/ Salvador Tuy*_____
                                              BY:  **SALVADOR TUY, ESQ.**
                                             **This SUMMONS AND COMPLAINT**
                                             **and the papers on which it is based, are**
                                             **certified pursuant to Section 130-1.1-a**
                                             **of the rules of the Chief Administrator**
                                             **(22NYCRR)**
                                             **Attorney(s) for Plaintiff**
                                             **Office and Post Office Address**
                                             **305 Broadway, 7th Fl**
                                             **NEW YORK, NY 10007**
                                             **T: (212) 668- 8888**

Notice: The object of this action is to recover for personal injury
             due to defendant(s) negligence

        The relief sought is Monetary Damages

Upon your failure to appear, judgment will be taken against you by default with interest from February 26, 2025 and the costs of this action.

<u>**DEFENDANT'S ADDRESSES**</u>

JORGE W. VENTURA CINA               A YANKEE LINE, INC.
113 67th Street Apt 11                        370 West First Street
West New York, NJ 07093                  Boston, Ma, 02127

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
------------------------------------------------------------------------X
ABDRAMANE NIATTA,

                        Plaintiff,

        -against-

JORGE W. VENTURA CINA, A YANKEE LINE, INC.,

                      Defendants.
------------------------------------------------------------------------X

<u>VERIFIED COMPLAINT</u>

Index #:_____

Plaintiff, complaining of the defendant by his attorney upon information and belief, respectfully allege(s):

1.      That at all the times herein mentioned, the Plaintiff, ABDRAMANE NIATTA was and still is a resident of the County of Bronx, the State of NEW YORK.

2.      That at all the times herein mentioned, the defendant JORGE W. VENTURA CINA, was and still is a resident of the County of Hudson, the State of NEW JERSEY.

3.      That at all times hereinafter alleged, and upon information and belief, Defendant JORGE W. VENTURA CINA, was the titled owner of a motor vehicle bearing Massachusetts state registration number 8764A.

4.      That at all times hereinafter alleged, and upon information and belief, Defendant JORGE W. VENTURA CINA, was the registered owner of a motor vehicle bearing Massachusetts state registration number 8764A.

5.      That at all times hereinafter mentioned, defendant, JORGE W. VENTURA CINA, maintained the aforesaid motor vehicle bearing Massachusetts state registration number 8764A.

6.      That at all times hereinafter mentioned, defendant, JORGE W. VENTURA CINA, managed the aforesaid motor vehicle bearing Massachusetts state registration number 8764A.

7. That at all times hereinafter mentioned, defendant, JORGE W. VENTURA CINA, controlled the aforesaid motor vehicle bearing Massachusetts state registration number 8764A.

8. That at all times hereinafter mentioned, defendant, JORGE W. VENTURA CINA, operated the aforesaid motor vehicle bearing Massachusetts state registration number 8764A.

9. That at all times hereinafter alleged, and upon information and belief, Defendant, JORGE W. VENTURA CINA, operated motor vehicle bearing Massachusetts state registration number 8764A with the knowledge, permission and consent of defendant A YANKEE LINE, INC.

10. That at all times hereinafter mentioned, defendant JORGE W. VENTURA CINA, operated the aforesaid motor vehicle bearing Massachusetts state registration number 8764A within the scope of his employment of Defendant, A YANKEE LINE, INC.

11. That at all times hereinafter alleged, and upon information and belief, Defendant, JORGE W. VENTURA CINA, maintained motor vehicle bearing Massachusetts state registration number 8764A with the knowledge, permission and consent of defendant A YANKEE LINE, INC.

12. That at all times hereinafter alleged, and upon information and belief, Defendant, JORGE W. VENTURA CINA, managed motor vehicle bearing Massachusetts state registration number 8764A with the knowledge, permission and consent of defendant A YANKEE LINE, INC.

13. That at all times hereinafter alleged, and upon information and belief, Defendant, JORGE W. VENTURA CINA, controlled motor vehicle bearing Massachusetts state registration number 8764A with the knowledge, permission and consent of defendant A YANKEE LINE, INC.

14. That at all times hereinafter alleged, and upon information and belief, Defendant A YANKEE LINE, INC., was and still is a domestic corporation organized and existing under and by virtue of the laws of New York.

15. That at all times hereinafter alleged, and upon information and belief, Defendant A

YANKEE LINE, INC., was and still is a domestic business corporation organized and existing under and by virtue of the laws of New York.

16. That at all times hereinafter alleged, and upon information and belief, Defendant A YANKEE LINE, INC., was and still is a domestic limited liability company organized and existing under and by virtue of the laws of New York.

17. That at all times hereinafter alleged, and upon information and belief, Defendant A YANKEE LINE, INC., conducted and carried on business in the County of New York, State of New York.

18. That at all the times hereinafter alleged, and upon information and belief, the defendant, A YANKEE LINE, INC., transacted business within the County of New York, State of New York.

19. That at all the times hereinafter alleged, and upon information and belief, the defendant, A YANKEE LINE, INC., derived substantial revenue from interstate or international commerce.

20. That at all times mentioned, defendant, A YANKEE LINE, INC., was the owner of a motor vehicle bearing Massachusetts state registration number 8764A.

21. That at all times hereinafter alleged, and upon information and belief, Defendant A YANKEE LINE, INC., was the titled owner of a motor vehicle bearing Massachusetts state registration number 8764A.

22. That at all times hereinafter alleged, and upon information and belief, Defendant A YANKEE LINE, INC., was the registered owner of a motor vehicle bearing Massachusetts state registration number 8764A.

23. That at all times hereinafter mentioned, defendant, A YANKEE LINE, INC., maintained the aforesaid motor vehicle bearing Massachusetts state registration number 8764A.

24. That at all times hereinafter mentioned, defendant, A YANKEE LINE, INC., managed the

aforesaid motor vehicle bearing Massachusetts state registration number 8764A.

25.     That at all times hereinafter mentioned, defendant, A YANKEE LINE, INC., controlled the aforesaid motor vehicle bearing Massachusetts state registration number 8764A.

26.     That at all times hereinafter alleged, and upon information and belief, Plaintiff ABDRAMANE NIATTA, operated a motor vehicle bearing New York state registration number Y103053C.

27.     At all times hereinafter mentioned, East 42nd Street at or near its intersection with Lexington Avenue in the County of New York, State of NEW YORK, was and still is a public roadway/highway used extensively by the public general.

28.     That on or about February 26, 2025, at the aforesaid location, the motor vehicle bearing Massachusetts state registration number 8764A came in contact with a motor vehicle bearing New York state registration number Y103053C.

29.     That on or about February 26, 2025, at the aforesaid location, the motor vehicle bearing Massachusetts state registration number 8764A came in contact with a motor vehicle bearing New York state registration number Y103053C, in which Plaintiff was legally seated.

30.     That the aforesaid accident and injuries resulting were due solely and wholly as a result of the careless, reckless and negligent manner in which the defendants owned, operated, maintained, managed and controlled their motor vehicle without this plaintiff in any way contributing thereto.

31.     That by reason of the foregoing and the negligence of the defendant, the Plaintiff, ABDRAMANE NIATTA was severely injured, bruised and wounded, suffered, still suffers and will continue to suffer for some time physical pain and bodily injuries and became sick, sore, lame and disabled and so remained for a considerable length of time.

32.     That by reason of the foregoing, the Plaintiff ABDRAMANE NIATTA was compelled to

and did necessarily require medical aid and attention, and did necessarily pay and become liable therefore for medicines and medical treatment which has not been reimbursed. Upon information and belief, the Plaintiff will necessarily incur similar expenses.

33.     That by reason of the foregoing, the Plaintiff ABDRAMANE NIATTA has been unable to attend to his usual occupation in the manner required.

34.     That defendants were further negligent in the hiring, screening, training and supervision of their employees including but not limited to JORGE W. VENTURA CINA.

35.     That by reason of the wrongful, negligent and unlawful actions of the defendants, as aforesaid, the Plaintiff, ABDRAMANE NIATTA sustained serious injuries as defined in Section 5102 (d) of the Insurance Law of the State of NEW YORK, and has sustained economic loss greater than basic economic loss as defined in Section 5102 of said Insurance Law.

36.     That one or more of the exceptions of paragraph 1602 of the Civil Practice Law and Rules applies to the within action.

37.     That as a result of the foregoing, the Plaintiff, ABDRAMANE NIATTA sustained damages in an amount that exceeds the jurisdictional limits of the lower courts.

**WHEREFORE**, the plaintiff demands judgment both compensatory and exemplary against the defendant in an amount which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction and which warrants the jurisdiction of this Court; together with the costs and disbursements of each cause of action.

Dated: New York, NY
        December 1, 2025

Yours, etc.

PRADO & TUY, LLP
*/s/ Salvador Tuy*
By: Salvador Tuy, Esq.

Attorney(s) for Plaintiff
ABDRAMANE NIATTA
305 Broadway, 7th Fl
NEW YORK, NY 10007
T: 212- 668- 8888

## ATTORNEY'S VERIFICATION

Salvador Tuy, an attorney duly admitted to practice before the Courts of the State of NEW YORK, affirms the following to be true under the penalties of perjury:

I am an attorney at PRADO & TUY, attorneys of record for Plaintiffs, ABDRAMANE NIATTA. I have read the annexed

## COMPLAINT

and know the contents thereof, and the same are true to my knowledge, except those matters therein which are stated to be alleged upon information and belief, and as to those matters, I believe them to be true. My belief, as to those matters therein not stated upon knowledge, is based upon facts, records, and other pertinent information contained in my files.

The reason this verification is made by me and not Plaintiffs is that Plaintiffs are not presently in the county wherein the attorneys for the plaintiffs maintain their offices.


NEW YORK, NEW YORK
December 1, 2025


  */s/ Salvador Tuy*
Salvador Tuy

*Index No.*
SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX

-------------------------------------------------------------------------------X

ABDRAMANE NIATTA,

Plaintiff,

-against-

JORGE W. VENTURA CINA and A YANKEE LINE, INC.

Defendants,

-------------------------------------------------------------------------------X

## SUMMONS and COMPLAINT

**PRADO & TUY, LLP**
*Attorneys for Plaintiff*
ABDRAMANE NIATTA
**305 Broadway, 7th Fl**
**NEW YORK, NY 10007**
**T: 212- 668- 8888**
**pradotuy@gmail.com**

*Attorney(s) for*

*Service of a copy of the within      is hereby admitted*
*Dated,*

........................................................
*Attorney(s) for*